UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIBERTO QUIROZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00873-RLY-TAB |
| | ) | |
| DENNIS REAGLE Superintendent Pendleton Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS

Petitioner Eriberto Quiroz was convicted of child molesting in 2011 in an Indiana court. Mr. Quiroz now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his trial and appellate counsel were ineffective in several respects, and that he was prejudiced by these cumulative errors. For the reasons explained below, Mr. Quiroz's petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

Mr. Quiroz's motion to disregard his previous motions to stay, dkt. [30], is **granted. The clerk is directed to** terminate the motions at dkt. [26] and dkt. [28].

## I.
## Background

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> On January 16, 2010, six-year-old S.H. was spending the weekend with her father [Edward]. S.H.'s half-brother, K.H., lived across the street with his fiancée and their

two young children, with whom S.H. liked to play. That night, S.H. spent the night at her brother's house, sleeping on a mattress on the floor in the living room. ["Eddie"] Quiroz was a friend of K.H. and was also staying at the house that night. At some point in the night, S.H. awoke to find that Quiroz was moving his finger in a circular motion in an effort to enlarge a hole that was already in the crotch of the child's sweatpants.

S.H. tried to move away from Quiroz, but Quiroz kept trying to make the hole in her pants larger. Quiroz then pulled down S.H.'s pants and underwear and licked her vagina.

At one point, S.H. attempted to get up to go to the bathroom, but Quiroz pushed her back down onto the mattress. Quiroz then pulled S.H.'s pants back up, retrieved a knife from the kitchen, threatened S.H. with it, and told her to not tell anyone about what he had done. Despite this, S.H. told her mother what had happened when she returned to her mother's house two days later, on January 18, 2010. S.H.'s mother then contacted the police. S.H. was taken to the Child Advocacy Center, where she spoke with a detective. She was also taken to Riley Hospital and examined by a sexual assault nurse. The nurse found no vaginal injuries, which is not uncommon for victims of sexual abuse. But DNA evidence indicated that Quiroz's saliva was on a pair of S.H.'s underpants that the police found in S.H.'s father's home.

On January 25, 2010, the State charged Quiroz as follows: Count I, Class A felony child molesting; Count II, Class A felony child molesting; Count III, Class C felony child molesting; Count IV, Class C felony child molesting; and Count V, Class B felony criminal confinement. At trial, at the conclusion of the State's case-in-chief, the State moved to dismiss Counts II and III, and the trial court granted the State's motion to dismiss these counts. Quiroz also moved for judgment on the evidence with regard to the remaining counts, which motion the trial court denied. On April 26, 2011, the jury found Quiroz guilty on Counts I and IV and guilty of the lesser-included offense of Class C felony criminal confinement on Count V. A sentencing hearing was held on June 9, 2011, at which the trial court ordered Quiroz to serve forty years on Count I, six years on Count IV, and six years on Count V, with all sentences to be served concurrently.

*Quiroz v. State*, 963 N.E.2d 37, 39–40 (Ind. Ct. App. 2012) ("*Quiroz I*") (in the record at dkt. 16-6).

On direct appeal, appellate counsel argued that there was insufficient evidence to support Quiroz's conviction for Class C felony child molesting, or in the alternative that his convictions for both child molesting offenses violated Indiana's double jeopardy prohibition. Dkt. 16-3. Counsel also argued that the trial court committed fundamental error by instructing the jury on Counts 2 and 3 because they had already been dismissed. She further alleged that Quiroz's sentence

was inappropriate pursuant to Indiana Appellate Rule 7(B). *Id*.

The Indiana Court of Appeals agreed that convictions for both Class A felony child molesting and Class C felony child molesting violated Indiana's double jeopardy prohibition and vacated the Class C felony conviction. Dkt. 16-6. The court otherwise affirmed his conviction and sentence. The Indiana Supreme Court denied the petition to transfer.

Mr. Quiroz filed a petition for post-conviction relief in state court alleging ineffective assistance of trial and appellate counsel. After the petition was denied, he appealed. On appeal he alleged that his trial counsel was ineffective because he failed to object to the preliminary jury instructions, failed to argue that S.H.'s father could have been the "Eddie" who molested S.H., and failed to suppress the clothing evidence. He also alleged that appellate counsel performed deficiently by not challenging the trial court's denial of his motion for a directed verdict on appeal. Dkt. 16-11. The Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied transfer.

Mr. Quiroz then sought habeas relief in this Court. He alleges that his trial counsel was ineffective for six reasons: 1) failure to investigate, 2) failure to properly argue a motion for directed verdict, 3) failure to object to preliminary jury instructions, 4) failure to object to the admission of S.H.'s clothing, 5) failure to object to allegedly improper expert testimony, and 6) failure to object to prosecutorial misconduct. He alleges that his appellate counsel was ineffective for two reasons: 1) failure to raise the trial court's denial of a directed verdict, and 2) failure to raise prosecutorial misconduct.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply

reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Where, as here, a petitioner alleges ineffective assistance of counsel, each basis for that claim must have been fairly presented in state court. *See Pole v. Randolph*, 570 F.3d 922, 935 (7th Cir. 2009) ("[I]f a petitioner fails to assert in the state courts a particular factual basis for the claim of ineffective assistance, that particular factual basis may be considered defaulted.").

"Procedural default may be excused where the petitioner demonstrates either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (cleaned up). A petitioner convicted in Indiana may allege ineffective assistance of post-conviction counsel as cause to excuse a defaulted claim that trial counsel was ineffective. *Brown v. Brown*, 847 F.3d 502, 513 (7th Cir. 2017); *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

## III.
## Discussion

### A. Procedurally Defaulted Claims

Mr. Quiroz has defaulted three allegations of trial counsel's deficient performance and one allegation of appellate counsel's deficient performance because he failed to present them in his post-conviction appeal: trial counsel's failure to investigate, failure to object to expert testimony, and failure to object to prosecutorial misconduct; and appellate counsel's failure to raise prosecutorial misconduct.

Mr. Quiroz argues that he can overcome default of his trial counsel ineffectiveness allegations by showing that his post-conviction counsel was ineffective for failing to raise them on appeal.[1] But post-conviction counsel raised the defaulted claims in Mr. Quiroz's post-conviction petition. Dkt. 18-2 at 16-21. And *Martinez* only allows prisoners to overcome default of meritorious trial counsel ineffectiveness claims that were not raised by post-conviction counsel in the prisoner's *initial* petition for post-conviction relief. 566 U.S. at 16-17 (holding did "not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral

---

[1] Post-conviction counsel ineffectiveness cannot revive a defaulted claim of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

proceedings ...""). Post-conviction counsel's failure to raise these allegations on appeal cannot serve as cause to overcome their procedural default.

Mr. Quiroz asks the Court to apply *Martinez* nevertheless because post-conviction counsel failed to *adequately* raise these issues in his amended petition for post-conviction relief. Dkt. 25 at 7-8. But the post-conviction court addressed all of Mr. Quiroz's claims on their merits and did not dismiss any of them as inadequately developed by counsel. Dkt. 18-3 at 10-21.

Mr. Quiroz has not overcome his default of these allegations. Thus, the Court only addresses Mr. Quiroz's allegations that trial counsel failed to properly argue a motion for directed verdict and object to preliminary jury instructions and the admission of S.H.'s clothing, and his allegation that appellate counsel failed to appeal the trial court's denial of a directed verdict.

## B. Ineffective Assistance of Trial Counsel

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When reviewing the denial of Mr. Quiroz's ineffective assistance of counsel claim, the Indiana Court of Appeals correctly stated the *Strickland* standard:

> To succeed on a claim of ineffective assistance of counsel, Quiroz must show: (1) counsel was deficient, meaning counsel's performance fell below an objective standard of reasonableness; *and* (2) Quiroz was prejudiced by counsel's deficient performance, meaning there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.

*Quiroz v. State*, 179 N.E.3d 1028, 2021 WL 5857508, *2 (Ind. Ct. App. Dec. 10, 2021) (citations omitted) ("*Quiroz II*") (in the record at dkt. 16-14). The Indiana Court of Appeals reasonably applied this standard when it held that trial counsel's performance was not deficient in some respects and that any deficient performance did not prejudice Mr. Quiroz.

First, the court denied Mr. Quiroz's claim that trial counsel was ineffective when he failed to argue when moving for a directed verdict that the victim's father was named Edward and sometimes went by "Eddie." The Indiana Court of Appeals noted that the victim called her father "dad," or "Ed" when asked her father's name. She also testified that she had never met Eddie before the day he touched her inappropriately, leaving no room to doubt that she was not talking about her father. Trial Trans. at 42, 49, 62-63. The court stated its conclusion: "Quiroz has not convinced us that the trial court made a mistake in denying his motion." *Quiroz II*, 2021 WL 5857508 at *3. Although this conclusion inartfully addressed whether the trial *court* made a mistake instead of whether trial *counsel* made a mistake, it's clear from the court's analysis that it held that counsel did not perform deficiently. Indeed, immediately after its conclusion, the court cites to the *Strickland* standard as recited in Indiana case *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000). *Id*; *see also McMullen v. Dalton*, 83 F.4th 634, 642 (7th Cir. 2023) (concluding that, despite state court's failure to explicitly state that counsel's performance was not deficient, state court's discussion of reasons why counsel did not perform deficiently was entitled to deference).

The victim's father testified that he did not go by "Eddie." Trial Trans. at 118-19. The victim's half-brother testified that no one at the home that evening, other than Mr. Quiroz, went by "Eddie." *Id*. at 224. And the victim testified that she had never seen "Eddie" before that evening. *Id*. at 62-63. The Indiana Court of Appeals' determination that counsel did not perform deficiently when he failed to argue that the victim's father was sometimes called "Eddie" was reasonable.

Next, Mr. Quiroz argues that trial counsel failed to object to preliminary jury instructions that included two charges that had already been dropped. In particular, one of the charges alleged conduct beyond what was alleged in his remaining charges. The Indiana Court of Appeals held that Mr. Quiroz was not prejudiced by the charges' inclusion in the preliminary instructions

because the jury was later instructed to disregard them, and they were not included on the verdict forms. This was a reasonable application of *Strickland*. "A jury is presumed to follow its instructions." *Weeks v. Angelone,* 528 U.S. 225, 234 (2000). The Supreme Court created a narrow exception to this presumption in *Bruton v. United States*, 391 U.S. 123 (1968), when it held that a limiting instruction to the jury was insufficient to protect a defendant from the prejudice of a non-testifying co-defendant's confession. In creating the exception though, the Supreme Court recognized that "instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. . . It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information." *Id*. at 135.

Finally, Mr. Quiroz alleges that trial counsel was ineffective when he failed to move to suppress the victim's clothing from evidence. Mr. Quiroz believes the evidence should have been suppressed because of breaks in the documented chain of custody and "suspicious" testimony from a detective that he broke a seal on the evidence bag after DNA testing was completed. Dkt. 25 at 21.

The Indiana Court of Appeals held that the State was not required to establish a perfect chain of custody, that gaps in the chain go to the weight of the evidence rather than its admissibility, and that the State must only show that nonfungible evidence—such as the clothing at issue here— "is what it is purported to be and that it is in a substantially unchanged state." *Id*. at 3. This Court cannot question an Indiana court's application of Indiana law. *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) (citing *Estelle v. McGuire*, 502 U.S. 62, 67−68 (1991)).

Ultimately, the Indiana Court of Appeals denied this claim because a motion to suppress the clothing would not have been successful. *Quiroz II*, 2021 WL 5857508 at *4. This was a reasonable determination. The Seventh Circuit has long held that "[c]ounsel is not ineffective for

failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

### 1. Cumulative Prejudice

Mr. Quiroz argues that he was prejudiced by the cumulative errors of trial counsel. Dkt. 14 at 33. The Indiana Court of Appeals disagreed:

> The trial errors Quiroz alleges are:
> • dismissed counts perhaps infecting the jurors' thinking—despite instructions not to consider those counts, which we presume the jury followed;
> • the failure to argue for a directed verdict based on the presence of another "Eddie" at trial—even though there is no evidence in the record to indicate anyone present besides Quiroz was actually called Eddie; and
> • a broken chain of custody—which, upon closer examination, was not broken at all.
> The aggregate weight of these concerns amounts to the mere suggestion of error. Quiroz has not shown that he received ineffective assistance of counsel at trial.

*Quiroz II*, 2021 WL 5857508 at *4-5.

The Indiana Court of Appeals reasonably considered and rejected Mr. Quiroz's cumulative prejudice argument. The victim testified at trial that "Eddie," a man she had never seen before, licked her "private." Trial Tr. at 54, 62-63. Her testimony was supported by DNA evidence. There is no reasonable probability that the outcome at trial would have been different had counsel objected to the preliminary instructions before trial, argued that the victim's father was sometimes called "Eddie," and moved to suppress the victim's clothing.

In sum, the Indiana Court of Appeals' decision on the alleged instances of ineffective assistance of trial counsel was not unreasonable, and Mr. Quiroz is not entitled to relief on this ground.

## C.  Ineffective Assistance of Appellate Counsel

"The general *Strickland* standard governs claims of ineffective assistance of appellate counsel as well as trial counsel." *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). When a petitioner's claim is poor issue selection, "appellate counsel's performance is deficient under *Strickland* only if [counsel] fails to argue an issue that is both 'obvious' and 'clearly stronger' than the issues actually raised." *Id.*; *see Davila v. Davis*, 582 U.S. 521, 533 (2017) ("Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court.").

Here, appellate counsel raised three arguments: 1) insufficient evidence, 2) the trial court erred in finding it was not fundamental error to instruct the jury on charges that had been dismissed, and 3) Mr. Quiroz's sentence was inappropriate under Indiana Appellate Rule 7(B). Dkt. 16-3 at 3.

Appellate counsel was successful in arguing that the same evidence could not be used to support both of Mr. Quiroz's child molesting charges, and the Indiana Court of Appeals vacated one of the convictions. In post-conviction proceedings, the Indiana Court of Appeals found that the unraised directed verdict claim was not clearly stronger than the issues appellate counsel selected for appeal. Mr. Quiroz has not shown that this finding was unreasonable. Although he argues that he could have produced evidence that friends called the victim's father "Eddie," the victim called her father "dad," or "Ed" when asked her father's name. She also testified that she had never met Eddie before the day he touched her inappropriately, leaving no room to doubt that she was not talking about her father. Trial Trans. at 42, 49, 62-63. Mr. Quiroz is not entitled to relief on this claim.

# IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could disagree that Mr. Quiroz's claims were either procedurally defaulted or were denied by the Indiana Court of Appeals based on a reasonable application of federal law. Therefore, a certificate of appealability is **denied**.

## V.
## Conclusion

Mr. Quiroz's motion to disregard his previous motions to stay, dkt. [30], is **granted.** His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 12/01/2023

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIBERTO QUIROZ
219483
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov